By the Court, Bronson, J.
This is a case where two defendants, sued jointly for a tort, have, without any improper motive, appeared and defended by different attorneys and counsel. Each defendant has pleaded separately, and, as to most things, has incurrred the same expense as though he had been a sole defendant. I see no reason why each should not have a *268 full bill of costs, so far as the services were separate and distinct. (Gambrell v. Earl of Falmouth, 5 Adol. & Ellis, 403.) This will include the retaining fee of attorney and counsel, the pleadings, and most of the other charges down to the trial. It will include also brief and attorney and counsel fee on trial for each defendant. I had some doubt about more than one counsel fee; but my brethren think it should be allowed. When we come to those services and expenses which were rendered or incurred alike for both defendants, there should be but one taxation. Here the questions to be tried, and the witnesses, were the same as to both defendants; and there should be but one taxation of witnesses’ fees. And as there can be but one judgment, there should be no allowance for more than one record and the other incidental charges in perfecting the judgment and issuing execution.(a) In cases of this kind, although the defendants may have separate bills, the costs of all must be taxed at the same time. (Smith v. Campbell, 4 Moore & Payne, 469; 6 Bing. 637, S. C.) This is the only way in which the charges can be properly adjusted. There must be a re-taxation on the principles which have been mentioned.
Motion granted.(b)

а) See Webb v. Bulger & Bulger, (4 Hill, 588.)

б) See The Albany and West Stockbridge Rail-Road Company v. Cady and Cady, (ante,p. 265.)